1  Richard K. Gustafson II (Bar No. 193914)
   Legal Helpers, P.C.
2  233 S. Wacker Drive, Suite 5150
   Chicago, IL 60606
3  Tel: 1.866.339.1156
4  Fax: 1.312.822.1064
   Email: rkg@legalhelpers.com
5  *Attorney for Plaintiff*

6

7                    **UNITED STATES DISTRICT COURT**
                     **CENTRAL DISTRICT OF CALIFORNIA**
8                          **SOUTHERN DIVISION**

9  April Conover                          Case No.:
   825 Tamarack Ave., #137
10 Brea, CA 92821                              SACV10-01699 AG(MLGx)
                                          Judge:
11
          Plaintiff,                      **COMPLAINT FOR DAMAGES**
12                                        **UNDER THE FAIR DEBT**
   v.                                     **COLLECTION PRACTICES ACT,**
13                                        **ROSENTHAL FAIR DEBT**
                                          **COLLECTION PRACTICES ACT,**
14 Smith Dean & Associates, Inc.          **INVASION OF PRIVACY, AND OTHER**
   c/o Ronald Smith, Registered Agent     **EQUITABLE RELIEF**
15 101 Century 21 Dr., #107
   Jacksonville, FL 32216
16
          Defendant.                      **JURY DEMAND ENDORSED HEREIN**
17

18                        **JURISDICTION AND VENUE**

19 1.  Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices

20     Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant

21     to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to

22     this claim occurred in this judicial district.
23

24                     **FACTS COMMON TO ALL COUNTS**

25 2.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

26 3.  Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

27

28

4.  At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6.  Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7.  On or around April 7, 2010, Defendant telephoned Plaintiff's place of employment.

8.  During this communication, Defendant spoke with the operator ("Operator").

9.  During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Operator.

10. During this communication, Defendant represented that the Sheriff was coming to arrest Plaintiff.

11. During this communication, Operator transferred the telephone call to Plaintiff's manager ("Manager").

12. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Manager.

13. During this communication, Defendant failed to identify itself as a debt collector.

14. During this communication, Defendant represented itself as an investigator.

15. During this communication, Defendant represented itself as an employee of the federal courthouse, and that he was in charge of issuing arrest warrants.

16. During this communication, Defendant represented that Plaintiff was accused committing check fraud.

17. During this communication, Defendant represented that Plaintiff would be arrested that day if Plaintiff did not speak with Defendant.

18. At the time of these communications, Defendant had neither the intent nor ability to issue a warrant for Plaintiff's arrest.

19. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT SEVEN

### Violation of the Rosenthal Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. In falsely representing to a Plaintiff that non-payment of the debt will result in the accusation that Plaintiff committed a crime, Defendant violated California Civil Code §§ 1788.10(b).

## COUNT EIGHT

### Violation of the Rosenthal Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. In falsely representing to Plaintiff the non-payment of the debt may result in legal action against Plaintiff, Defendant violated California Civil Code §§ 1788.10(e).

## COUNT NINE

**Violation of the Rosenthal Fair Debt Collection Practices Act**

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. In communicating with Plaintiff at Plaintiff's place of employment for purposes other than verifying employment, obtaining location information, or effectuating a garnishment, Defendant violated California Civil Code §§ 1788.12(a).

## COUNT TEN

**Violation of the Rosenthal Fair Debt Collection Practices Act**

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. In falsely representing that a legal proceeding has been, or is about to be, or will be instituted against Plaintiff unless payment of the debt was made, Defendant violated California Civil Code §§ 1788.13(j).

## COUNT ELEVEN

**Invasion of Privacy by Public Disclosure of a Private Fact**

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's manager.

43. Defendant's disclosure of Plaintiff's debt, accusation of a crime, and the threat of legal action to this person are highly offensive.

44. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

45. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

46. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment against Defendant for actual damages pursuant to California Civil Code § 1788.30(a), statutory damages for a knowing or willful violation in an amount up to $1,000 pursuant to California Civil Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

c. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

d. Judgment, in an amount of actual

e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____
Richard K. Gustafson (Bar No. 193914)
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: rkg@legalhelpers.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> April Conover | DEFENDANTS <br> Smith, Dean & Associates, Inc. |
|---|---|
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): <br> Orange | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Legal Helpers, P.C.  233 S. Wacker Dr., Ste 5150 <br> Chicago, IL 60606  866-339-1156 | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

## V. REQUESTED IN COMPLAINT:   JURY DEMAND: ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes  ☑ No          ☑ MONEY DEMANDED IN COMPLAINT: $ 10,000

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC 1692   Violations of the Fair Debt Collection Practices Act

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment |  |  | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land |  |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | ☐ 290 All Other Real Property |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |

VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed?   ☑ No   ☐ Yes

If yes, list case number(s):

| FOR OFFICE USE ONLY: | Case Number: _____ SACV10-01699 AG(MLGx) _____ |
|---|---|

| CV-71 (07/05) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Orange

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
   Florida

**List the California County,** or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
   Orange

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Richard X. _____  Date _10/29/10_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1699 AG (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.